IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Carl Stetter, et al., | : | Case No. 3:07CV866 (N.D. Ohio) |
| | : | |
| Plaintiffs, | : | Ohio Supreme Court Case No. 2008-0972 |
| vs. | : | |
| | : | (Hon. James G. Carr) |
| R.J. Corman Derailment Services LLC, et al., | | **AMENDED ORDER** |
| Defendants. | | |

The parties jointly moved this Court for an Order amending the previously certified questions to the Ohio Supreme Court. On April 24, 2008, this Court determined there are issues of Ohio law that may be determinative of the present case and for which there is no controlling precedent in the decisions of the Supreme Court of Ohio. On August 6, 2008, the Ohio Supreme Court accepted the certified questions for review. This Court now finds it appropriate to amend its April 24, 2008 certification order.

    **A.**    **Name of the Case and Names of All Parties.**

The name of this case is *Carl Stetter, et al. v. R.J. Corman Derailment Services LLC, et al.* case number 3:07-CV-866. The parties in this case are: Plaintiffs Carl Stetter and Doris Stetter[1]

---

[1] Plaintiff Doris Stetter's action is one of loss of consortium and is therefore derivative of Plaintiff Carl Stetter's action.

versus Defendants R.J. Corman Derailment Services LLC and R.J. Corman Railroad Group LLC, John Doe Company 1 through 3 and John/Jane Doe 1-2.[2]

### B. Brief Statement of the Facts.

The Complaint alleges that on March 13, 2006, while employed by Defendant R.J. Corman Derailment Services LLC, Plaintiff Carl Stetter was injured while working in the course and scope of his employment. Plaintiff Carl Stetter applied for and received workers' compensation benefits as a result of the injuries he sustained on March 13, 2006.

Plaintiffs' filed their Complaint in the Wood County Common Pleas Court. Defendants removed the action to the United States District Court for the Northern District of Ohio, Western Division. Federal jurisdiction is based upon 28 U.S.C. § 1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.

Plaintiffs' Complaint alleges that Defendants committed an employer intentional tort. On February 29, 2008, pursuant to an order of this Court, Defendants filed an Amended Answer in which they asserted that Plaintiffs are unable to establish any deliberate intent by the Defendants to cause Plaintiffs' injuries and therefore Plaintiffs' claims are barred by R.C. 2745.01. On March 17, 2008, pursuant to an Order of this Court, Plaintiffs filed their Motion to Strike and/or For Declaratory Judgment asserting that R.C. 2745.01 is unconstitutional. To fully adjudicate this matter and determine the rights and liabilities of each party, this Court needs a determination by the Ohio Supreme Court regarding the constitutionality of R.C. 2745.01 under the Ohio Constitution. The Supreme Court of Ohio has not yet had opportunity to issue a decision on the constitutionality of R.C. 2745.01, as enacted by House Bill 498 effective April 7, 2005.

This Court previously certified eight questions to the Supreme Court of Ohio, which

---

[2] Plaintiffs allege a products liability claim against the manufacturer of the tire that was the subject of the March 13, 2006 incident and named John Doe Company 1 through 3 and John/Jane Doe 1 and 2. The products liability action is not based upon the statute at issue for certification.

were accepted on August 6, 2008. The previously certified questions incorrectly referred to Senate Bill 80. This Court amends its previously certified questions to correctly refer to House Bill 498, the legislation which enacted R.C. 2745.01.

    **C.**    **The Certified Questions.**

1. Is R.C. §2745.01, as enacted by House Bill 498, effective April 7, 2005, unconstitutional for violating the right to trial by jury?
2. Is R.C. §2745.01, as enacted by House Bill 498, effective April 7, 2005, unconstitutional for violating the right to a remedy?
3. Is R.C. §2745.01, as enacted by House Bill 498, effective April 7, 2005, unconstitutional for violating the right to an open court?
4. Is R.C. §2745.01, as enacted by House Bill 498, effective April 7, 2005, unconstitutional for violating the right to due process of law?
5. Is R.C. §2745.01, as enacted by House Bill 498, effective April 7, 2005, unconstitutional for violating the right to equal protection of the law?
6. Is R.C. §2745.01, as enacted by House Bill 498, effective April 7, 2005, unconstitutional for violating the separation of powers?
7. Is R.C. §2745.01, as enacted by House Bill 498, effective April 7, 2005, unconstitutional for conflicting with the legislative authority granted to the General Assembly by §34 and §35, Article II, of the Ohio Constitution?
8. Does R.C. §2745.01, as enacted by House Bill 498, effective April 7, 2005, do away with the common law cause of action for employer intentional tort?

    **D.**    **Counsel for the Parties.**

Counsel for each party is provided below:

James M. Tuschman
R. Ethan Davis
BARKAN & ROBON LTD.
1701 Woodlands Ave., Suite 100
Maumee, Ohio 43537
Phone: (419) 897-6500
Fax: (419) 897-6200
Email: jmt.bar-rob @buckeye-express.com
Email: red.bar-rob@buckeye-express.com
Counsel for Plaintiffs Carl and Doris Stetter

Robert J. Gilmer, Jr.
Peggy Mattimoe Sturgeon

Sarah E. Pawlicki
EASTMAN & SMITH LTD.
One SeaGate, 24th Floor
P.O. Box 10032
Toledo, Ohio  43699-0032
Phone: (419) 241-6000
Fax: (419) 247-1777
Email: RJGilmer@eastmansmith.com
Email: PMSturgeon@eastmansmith.com
Email: SEPawlicki@eastmansmith.com
Counsel for Defendants
R.J. Corman Derailment Services LLC and R.J. Corman Railroad Group, LLC

  **E.**  **Moving Party.**

  The Plaintiffs Carl and Doris Stetter are designated as the moving party.


            S/Hon. James G. Carr
            Chief Judge