IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Carl F. Stetter, et al.,                                                    Case No. 3:07CV866

        Plaintiff

v.                                                                                      ORDER

R J Corman Derailment Services LLC, et al.,

        Defendant

This is a suit by an employee against his employer. Plaintiff Carl F. Stetter was injured after mounting a truck tire on a damaged rim. The tire exploded, causing the injuries for which Stetter now seeks to recover under an intentional employer tort theory.

Pending is defendants' motion for summary judgment. [Doc. 40]. For the reasons that follow, it shall be granted.[1]

The day before the accident, plaintiff had driven a flatbed truck for his employer, defendant R J Corman Derailment Services, toward Saginaw, Michigan. He noticed that one of the truck's tires was flat. He changed the tire and returned to Toledo.

---

[1] As to codefendant R J Corman Railroad Group L.L.C. the motion is granted because the plaintiff has not shown that there is any dispute of fact with regard to the defendants' contention that the defendant R J Corman Derailment Services was the plaintiff's employer.

On the morning of the accident, plaintiff's supervisor, on being told about the flat tire, told plaintiff to put it back on the rim. Plaintiff told him the rim was "hooking" – *i.e.,* that it was rolling unevenly. Viewing this situation most favorably to plaintiff, his report about the rim's unevenness put the supervisor, and thus Corman on notice that the rim was damaged. It also put the Corman on notice that there was a risk of injury to the plaintiff if he tried to mount a tire on a damaged rim.

After the accident plaintiff received workers compensation benefits. He can, therefore, recover in this suit only if he can prove that Corman intended his injuries to occur.

Ohio employer intentional tort law is not what it used to be. As a result of the General Assembly's enactment of O.R.C. § 2745.01 and the decision of the Ohio Supreme Court, ruling on questions certified from this case in *Stetter v. R J Corman Derailment Serveices*, 125 Ohio St.3d 280, 927 N.E.2d 1092 (2010), circumstances such as those leading to plaintiff's injuries do not provide a basis for recovery.

Under § 2745.01(A), an injured worker who receives workers compensation benefits cannot recover for his injuries in a tort action against his employer unless he can prove that his "employer committed the tortious act with the intent to injure" or "with the belief that the injury was substantially certain to occur."

Under § 2745.01(B), "'substantially certain' means that an employer acts with *deliberate intent* to cause an employee to suffer an injury . . . ." (Emphasis supplied).

In addition to the factual circumstances leading to plaintiff's injury, plaintiff points to OSHA regulations relating to safety measures—including "tire cages"—which federal law requires be followed when tires are being changed. No such cage was available to plaintiff or had ever been used on the apparently infrequent occasions when he or other employees mounted tires on rims.

Indeed, it is undisputed that defendant did not know of the federal requirements that it was failing to follow when it instructed plaintiff to mount the tire which exploded.

Plaintiff contends that defendant came within § 2745.01(C) when it failed to comply with the OSHA requirements. That provision provides that, where an employer deliberately removes "an equipment safety guard," a rebuttable presumption thereby arises "that the removal . . . was committed with intent to injure . . . ." According to the plaintiff, failure to know about and require plaintiff to use a tire safety guard was the equivalent of deliberate removal of a safety guard under this provision.

I disagree. Something can only be removed if it is there in the first place. While Corman is charged with knowing and following the law, and could be held liable on some lesser standard than willfully deliberate action, it did not deliberately remove a tire guard from its premises. Section 2745.01(C) does not apply, and the rebuttable presumption which that provision creates does not arise.

Plaintiff cites and relies on old law cases to argue that his injuries were substantially certain to occur, his employer knew that fact, and nonetheless ordered him to do the work that led to his injuries. But those are old law cases.

There is simply no evidence in the record of this case on which a rational trier of fact could find that Corman "committed the tortious act with the intent to injure" the plaintiff. At most, the facts here show a substantial level of risk, foreseeability and negligence. Recovery might have been available before the General Assembly adopted and the Supreme Court upheld § 2745.01.But after the legislature's action and Court's decision, plaintiff cannot recover in tort for his injuries.

It is, therefore,

ORDERED THAT defendants' motion for summary judgment [Doc. 40] be, and the same hereby is granted.

So ordered.

/s/James G. Carr
Sr. U.S. District Judge